UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:20-cv-60205-RS

ALARM GRID, INC.,

    Plaintiff,

v.

REVAMPED SECURITY SOLUTIONS, LLC,

    Defendant.

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT OF DEFAULT AGAINST DEFENDANT REVAMPED SECURITY SOLUTIONS, LLC, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ALARM GRID, INC. ("AGI"), by and through his undersigned counsel, files this Motion for Entry of Final Judgment of Default pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

**INTRODUCTION AND
STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. AGI initiated this action against Defendant, REVAMPED SECURITY SOLUTIONS, LLC ("Defendant" or "Revamped"), for copyright in violation of the Copyright Act, 17 U.S.C. § 501, and for unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125. Defendant is in default. [DE 11]. AGI has met the requirements for default judgment. Based on the Declaration of Joshua Unseth ("Unseth Decl.") and Joel Rothman ("Rothman Decl."), filed concurrently herewith, AGI seeks entry of default judgment for its claims of copyright infringement and unfair competition against the Defendant, an award of damages

pursuant to 17 U.S.C. § 106, and an award of plaintiff's costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

2. On January 30, 2020, AGI filed a Complaint against Defendant Revamped. [DE 01].

3. Revamped is a Texas Limited Liability Company, with its principal place of business at 1111 Mockingbird Lane, Suite 750, Dallas, TX 75247, and can be served by serving its Registered Agent, Mr. Austin Karnes, 6912 Glendale Drive, North Richland Hills, TX 76182. [DE 01 at 2].

4. On January 31, 2020, AGI served Revamped with the Summons and a copy of the Complaint. [DE 04].

5. On May 21, 2020, default was entered against Revamped by the Court. [DE 11].

6. AGI now moves for a Final Judgment of Default.

7. To market AGI and continue to develop AGI's reputation as a trustworthy home security business, AGI hires photographers, through work for hire agreements, to photograph AGI's goods in order to promote the goods on AGI's website. The Work at issue functions to build trust with online customers and display the exact equipment that customers will potentially purchase. [Unseth Decl. at ¶ 5].

8. In 2014, AGI acquired as a work for hire the photograph entitled 46PHP022, which is shown below and referred to herein as the "Work." [DE 01 at 3 and Unseth Decl. at ¶ 6].



9. AGI registered the Work with the Register of Copyrights on November 6, 2014, and was assigned the registration number VAu 1-215-644. [DE 01 at 3 and Unseth Decl. at 7].

10. At all relevant times AGI was the owner of the copyrighted Work at issue in this case. [DE 01 at 3 and Unseth Decl. at ¶ 8].

11. To create the Work, the photographer employed a high degree of technical skill in lighting the product and editing the image in post-production [Unseth Decl. at ¶ 9].

12. Defendant owns and operates the website www.revampedsecurity.com (the "Website"). The Website functions to advertise, market, and promote Revamped's goods and services as part of its home security sales and installation business. [DE 01 at 4 and Unseth Decl. at ¶¶ 11, 14].

13. On a date after the Work was created, but prior to the filing of the initial action, Revamped copied the Work. [DE 01 at 4 and Unseth Decl. at ¶ 12].

14. Defendant copied the Work. Defendant distributed the Work on the internet to promote the sale of goods and services as part of its home security sales and installation business. [DE 01 at 4 and Unseth Decl. at ¶ 14].

15. AGI never licensed Revamped to use the Work at issue in this action for any purpose. Nor did AGI ever give Revamped the authority to copy, distribute or display the Work at issue in this case. [ DE 01 at 4 and Unseth Decl. at ¶ 13].

16. As a result of Defendant's infringement, AGI's trustworthy reputation in the home security business has lost significant value. Further, Defendant displayed the Work on its Website to wrongfully deceive and misappropriate Plaintiff's potential customers. [Unseth Decl. at ¶ 17].

17. Revamped's activities alleged in the complaint constitute unfair methods of competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of consumers and AGI.

18. As a direct and proximate result of Revamped's unfair competition, AGI has suffered and will continue to suffer loss of reputation among its purchasers and potential purchases, and Revamped will continue to unfairly acquire income, profits, and goodwill.

19. AGI now moves for entry of a Final Judgment of Default and seeks the maximum damages allowable, as defined in and pursuant to 17 U.S.C. § 504.

**MEMORANDUM OF LAW**

**I.      AGI HAS SATISFIED THE REQUIREMENTS FOR DEFAULT JUDGMENT**

A court may enter a default judgment against a defendant in a copyright-infringement action. *Clever Covers, Inc. v. Se. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008). A court may also enter a default judgment against a defendant in an unfair competition violation action. *Yellow Cab Co. of Orlando v. Celebration Transp., Inc.*, 570 F. App'x 846 (11th Cir. 2014). To obtain a default judgment, the plaintiff must comply with the two-step process laid out in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55. First, after a defendant has failed to plead or otherwise defend an action, the plaintiff must go to the clerk and present a motion for entry of a clerk's default. Fed. R. Civ. P. 55(a). The clerk must enter the default against the defendant who failed to appear. *Id.* After receiving the clerk's default, the plaintiff must move the court to enter a default judgment. Fed. R. Civ. P. 55(b).

AGI has complied with the first step laid out in Fed. R. Civ. P. 55. On January 30, 2020, AGI filed a Complaint against Defendant Revamped. [DE 01]. Defendant has failed to respond to the Complaint within 21 days after the service. On this basis, the Court entered a Default against Revamped on May 21, 2020. [DE 11]. Plaintiff now seeks a Final Judgment of Default.

Prior to entering default judgment, the reviewing court must ensure that it has (1) jurisdiction over the claims and parties, and that (2) the complaint adequately states a claim upon which relief may be granted. *McKennon v. Newscastic Inc.*, No. 6:18-cv-323-Orl-41DCI, 2018 U.S. Dist. LEXIS 192163, at *3 (M.D. Fla. Sep. 7, 2018) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). If the court has jurisdiction and the plaintiff has satisfied the pleading standard, the court may enter a default judgment. *Id*.

### A. THE COURT HAS JURISDICTION OVER THE CLAIMS AND PARTIES

To have jurisdiction over the claims, the court must have subject matter jurisdiction. *See, e.g.*, *McKennon*, 2018 U.S. Dist. LEXIS 192163, at *5. Federal courts have subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. By including "laws . . . of the United States, the United States Code grants subject matter jurisdiction to all claims arising under it." *Id*.

Here, AGI filed a Complaint against Revamped for copyright infringement and unfair competition in violation of the Copyright Act, 17 U.S.C. § 501 and the Lanham Act, 15 U.S.C. § 1125. [DE 01]. Claims under §§ 501 and 1125 arise from the laws of United States. As such, the Court has subject matter jurisdiction over the claims.

The court must also have personal jurisdiction over the parties. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 468 (1985). One form of personal jurisdiction is specific jurisdiction. *Id.* at 472. Courts have specific jurisdiction over a party if the party "purposefully avails itself of the privilege of conducting activities within the forum state." *Id.* at 475.

Here, Revamped is subject to personal jurisdiction in Florida because it purposefully availed itself of the privilege of conducting business in Florida by advertising and offering goods for sale in this judicial district. [DE 01 at 2]. Revamped should have reasonably anticipated being hailed into court in Florida due to litigation arising from these purposeful contacts. [DE 01 at 2]. Further, Revamped's conduct alleged in this action has caused direct harm in this judicial district by unfairly competing with AGI, a resident in this judicial district. As such, this Court has personal jurisdiction over Revamped.

### B. PLAINTIFF AGI ADEQUATELY STATED A CLAIM

To adequately state a claim, a plaintiff must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires complaints to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule does not require detailed factual allegations. Rather, the rule only requires that complaints contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter must be sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When reviewing the facts alleged in the complaint, the court must deem all well-pleaded allegations to have been admitted by the defaulting defendant. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). The nature of a default requires this inference. *Id*. If, after reviewing the facts, the court determines that the plaintiff is entitled to a default judgment, the court then must decide "whether the plaintiff is entitled to the relief requested in the motion for default judgment." *McKennon*, 2018 U.S. Dist. LEXIS 192163, at *3. The court may conduct a hearing to make this determination. Fed. R. Civ. P 55(b)(2). A hearing is not required, though, where "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). The court can make these mathematical calculations where "the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Here, the court has this information by way of the fair market value of the Work based on AGI's attrition rate and what an average customer is worth. AGI's damages are $6,000.00 after considering a scarcity multiplier of 5 times to the fair market value of $1,200.00. [*See* Unseth

Decl. at ¶ 19]. However, AGI's statutory damages are $30,000.00 after considering a willfulness multiplier of 5 to the actual damages of $6,000.00.

## II. ARGUMENT

### A. AGI HAS PLEAD SUFFICIENT FACTS TO ESTABLISH A CLAIM OF COPYRIGHT INFRINGEMENT

To state a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 548 (1985)). A plaintiff can present prima facie evidence of the first element if he or she presents a certificate of registration, filed within five years of the publication. 17 U.S.C. § 410(c). To satisfy the second element, the plaintiff must present proof that "as a factual matter, that the alleged infringer actually copied plaintiff's copyright material." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (citation omitted). The copy of the work must be "substantially similar" to the original. *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 U.S. Dist. LEXIS 148909, 2013 WL 5653357, at *3 (M.D. Fla. Oct. 15, 2013).

Where the defendant fails to appear, both prongs of the claim are unchallenged. *Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-MSS-AAS, 2019 U.S. Dist. LEXIS 82406, at *5 (M.D. Fla. Jan. 23, 2019). If the plaintiff pled sufficient facts to satisfy both prongs, the plaintiff "is entitled to default judgment as to liability." *Id*.

Here, AGI pled sufficient facts to establish a claim of copyright infringement under the Copyright Act. Defendant's failure to respond renders the facts alleged to have been admitted. AGI is entitled to relief.

AGI owns a valid copyright in the Work, filed with the Register of Copyrights on November 6, 2014, and was assigned the registration number VAu 1-215-644. [DE 01 at 3]. Revamped copied the original Work. [DE 01 at 4]. Revamped distributed the copy on the internet to promote the sale of goods and services as part of its home security and installation business. [DE 01 at 4]. The purpose was to advance and promote its business and sales.

AGI never gave Defendant permission to copy its work for any purpose. [DE 01 at 4]. AGI did not license the image to Revamped. AGI is entitled to relief.

### B. AGI HAS PLEAD SUFFICIENT FACTS TO ESTABLISH A CLAIM OF UNFAIR COMPETITION

15 U.S.C. § 1125 of the Lanham Act protects persons and businesses against unfair competition and deceptive trade practices. Specifically, the practice of confusing consumers through the misrepresentation of the origin of a product or the misrepresentation of fact. 15 U.S.C. § 1125(a). Unfair competition is also protected under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Fla. Stat. § 501.201. "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1).

To sustain a FDUTPA claim, a plaintiff must show "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013). A practice is unfair under the FDUTPA if it "offends established public policy" or is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003). A deceptive act occurs when a defendant makes "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's

detriment." *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. Dist. Ct. App. 2015).

Here, the Defendant has committed an unlawful violation of FDUTPA because it copied a photograph of AGI's product and displayed the Work on its Website as if it were its own product offering and photograph. Thus, the harm to AGI has been caused directly by the Defendant and none other. The Defendant and AGI are direct competitors. [Unseth Decl. at ¶ 10]. The use of the Work on the Defendant's Website displaying AGI's product is a representation that is likely to mislead the consumer and cause the consumer to purchase a product from the Defendant rather than AGI.

It is unethical and substantially injurious to confuse consumers about a significant and crucial purchase, like the purchase of a trustworthy home security system. AGI has built a reputation of reliability and dependability in the home security field. [Unseth Decl. at ¶ 4]. The Defendant is robbing AGI of the goodwill and customer base it has built and is tarnishing its reputation by causing consumer confusion regarding the origin of the product. AGI has suffered actual damages, which are detailed below for this Court. As a direct and proximate result of Revamped's unfair competition, AGI has suffered and will continue to suffer loss of reputation among its purchasers and potential purchases, and Revamped will continue to unfairly acquire income, profits, and goodwill.

### C. THIS COURT SHOULD AWARD THE MAXIMUM AMOUNT OF DAMAGES PURSUANT TO 17 U.S.C. § 504 AND GRANT A PERMANENT INJUNCTION

The reviewing court "may enter default judgment for monetary damages against the defendant in a copyright-infringement action." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *4 (citing *Clever Covers, Inc. v. Se. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1309 (M.D. Fla. 2008)). The reviewing court may also enter default judgment and grant a permanent injunction

against the defendant in an unfair competition action. *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1304-05 (S.D. Fla. 2016).

A successful copyright infringement plaintiff is entitled to choose whether he will seek an award of actual or statutory damages. 17 U.S.C. § 504(a). AGI is entitled to an award of actual or statutory damages for Revamped's infringement of its exclusive rights in the copyrighted Work, and enhancement of a statutory award based upon the willfulness of such infringement. Where works have been infringed, copyright owners are entitled to recover actual damages as well as "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages". 17 U.S.C. § 504(b). This includes "how much revenue the plaintiff lost as a result of the infringement, including lost sales, lost opportunities to license, or diminution in the copyright's value." *Thornton v. J Jargon, Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (quotation marks and citation omitted).

### D.  PLAINTIFF AGI IS ENTITLED TO ACTUAL DAMAGES

To determine the amount of actual damages, the court can rely solely on affidavits and testimony. *Reiffer, Inc.*, 2019 U.S. Dist. LEXIS 62401, at *5 (citing *Thornton, Co.*, 580 F. Supp. 2d at 1280); *see also Nintendo of Am., Inc. v. Ketchum*, 830 F. Supp. 1443, 1445-46 (M.D. Fla. 1993). Under lost revenue, a plaintiff may recover for "a retroactive license fee." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *5 (citing *Thornton, Co.*, 580 F. Supp. 2d at 1280). This license fee equals the amount the plaintiff would have earned if he or she licensed the work to the defendant. *Id.* (citing *Thornton, Co.*, 580 F. Supp. 2d at 1280). A plaintiff may establish this license fee by showing the fair market value of the work. *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *5 (citing *Thornton, Co.*, 580 F. Supp. 2d at 1280). To establish the fair market value, the plaintiff can show either (1) what compensation he previously received for the infringed

work or (2) benchmark licenses, which is what licensors have paid for similar work. *Id*. (citing *Thornton*, 580 F. Supp. 2d at 1280).

Here, AGI estimates actual damages in the amount of $6,000.00. [Unseth Decl. at ¶ 19]. Had Revamped requested a license to reproduce and display the copyrighted Work on its Website, AGI would have charged at least $1,200.00 for a license for a single use of the Work based on AGI's attrition rate and what an average customer is worth. [Unseth Decl. at ¶ 16].

Beyond the license fee, as a result of Revamped's infringement, the Work has lost significant value. [Unseth Decl. at ¶ 18]. The Defendant publicly disseminated an attribution-free copy of the Work without permission from AGI. [Unseth Decl. at ¶ 13]. As a result, the Work has lost significant value in its exclusivity to AGI's business, and Revamped's infringement has impaired the value of AGI's reputation and trustworthiness. [Unseth Decl. at ¶¶ 17-18]. *See*, *for example*, *Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 U.S. Dist. LEXIS 62401, at *9 (M.D. Fla. Apr. 10, 2019) (granting $45,000.00 based on a "scarcity multiplier of five accounts for revenue lost as a result of [defendant]'s unauthorized use of Mr. Reiffer's Sydney Opera House work."); *see also*, *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times multiple of the benchmark because of the scarcity factor). In *Reiffer*, the court found that the loss of exclusivity may cause potential customers to "hesitate to buy any of Mr. Reiffer's prints of any work in his portfolio because they may think Mr. Reiffer regularly sells his photographs to discount websites like Legendary Journeys, which display the work in a "cheap looking" way." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *9. The court found that the plaintiff was entitled to $31,200.00 in actual damages solely due to lost exclusivity. *Id.* at *10.

As such, AGI's actual damages are $6,000.00 for the photograph, after considering a scarcity multiplier of 5 to the fair market value of the Work. [Unseth Decl. at ¶¶ 17, 19]. This photograph is exclusive to AGI, as AGI hired a photographer to create the work so AGI could market its business and build a trustworthy brand in the industry. [*id.* at ¶ 5]. AGI did not intend to ever license the Work to any individual or organization and intended to utilize the Work exclusively for AGI. [*id.* at ¶ 16].

Further, Revamped's refusal to participate in this case (and provide discovery) has prevented AGI from identifying the amount of profits related to Revamped's infringing uses of AGI's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to AGI's actual losses. To establish Revamped's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Revamped solely controls all information concerning its gross revenue related to its infringing uses of the Work, and its default has stymied AGI's ability to present that evidence to the Court.

### E.  PLAINTIFF AGI IS ENTITLED TO STATUTORY DAMAGES

In awarding statutory damages under the Copyright Act, the court may award not less than $750 or more than $30,000 "as the Court considers just" for each infringed work. 17 U.S.C. § 504(c)(1). Additionally, the court may increase the statutory damages to as much as $150,000 for each infringed work where the copyright owner proves that the infringement was committed willfully. 17 U.S.C. § 504(c)(2). "The court has wide discretion to set an amount of statutory damages." *Tiffany (NJ), LLC v. Dongping*, No. 10-61214, 2010 U.S. Dist. LEXIS 121232, 2010 WL 4450451, at *6 (S.D. Fla. Oct. 29, 2010) (citations omitted). Further, "[i]n its broad discretion for determining statutory damages, the district court should consider both the

willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).

Willfully means that the defendant "knows his actions constitute an infringement; the actions need not have been malicious." *Id.* at 851 (citing *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir.1988)). Furthermore, when a defendant's infringement is willful, "deterrence of future violations is a legitimate consideration" because "'defendants must not be able to sneer in the face of copyright owners and copyright laws." *Id.* (citing *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383 (7th Cir. 1988)). The court in *Cable Home/ Commc'n Corp.* found that the defendant infringed willfully because the defendant not only knew that the work was copyrighted and proceeded to copy it nonetheless, but the defendant also publicized and encouraged the purchase of its product in "blatant defiance of the copyright laws." *Id.*

As an alternative to actual damages, AGI seeks an award of statutory damages enhanced to $30,000.00 due to the willful nature of Revamped's infringement. Here, the Defendant blatantly disregarded copyright law. The Defendant copied the Work from the internet, which was created by its direct competitor AGI, and displayed the Work on its Website as if it were its own. As such, the Defendant cannot claim that it was not aware that its conduct constituted copyright infringement. The Defendant's conduct was willful because the defendant copied the Work directly from AGI's website. Similar to the defendant in *Cable Home/ Commc'n Corp.*, the Defendant in the case at hand knew that the Work was copyrighted by AGI and deliberately ignored copyright laws.

In addition, the Defendant has forestalled any meaningful discussion that AGI has pursued to resolve the action. Revamped's intentional default has deprived AGI of an ability to take discovery of the actual revenue earned by Revamped as a result of its infringing conduct, essentially depriving AGI of an ability to accurately quantify and recover its actual damages and the profits to be disgorged under 17 U.S.C. § 504(b). In these circumstances, an award of statutory damages under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to the Plaintiff for the damages suffered and to create a disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages.

Accordingly, AGI believes its statutory damages to be $30,000.00 after considering a willfulness multiplier of 5 to the scarcity multiplier of 5 times the fair market value of $1,200.00. [*See* Unseth Decl. at ¶ 19]. *See Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark because of the scarcity factor).

### F.  PLAINTIFF AGI IS ENTITLED TO ATTORNEYS' FEES

The court may also grant reasonable attorneys' fees for the successful prosecution of a copyright action. 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party"). Courts look to the "lodestar" method to determine reasonable attorney's fees. *Minden Pictures, Inc. v. MAS Media, Inc.*, No. 17-81343-CIV-ZLOCH, 2018 U.S. Dist. LEXIS 147907, at *8 (S.D. Fla. Aug. 29, 2018) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step in the loadstar method is to determine the reasonable hourly rate. *Id*. The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *See*

*also Minden Pictures, Inc.*, 2018 U.S. Dist. LEXIS 147907, at *9-10 (awarding $395.00 hourly rate for Rothman, $300.00 hourly rate for Cohen, and $175.00 hourly rate for James). The court may consider "its own knowledge and experience" to determine what are "reasonable and proper fees". *Loranger*, 10 F.3d at 781.

Next in the loadstar method, the court must determine the number of hours it should take to perform the particular task. *Minden Pictures, Inc*, 2018 U.S. Dist. LEXIS 147907, at *9. Under this analysis, the attorneys should use "billing judgment" and exclude excessive hours. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *see also ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The burden is on the party opposing the requested fees to object to the hours expended. *Norman*, 836 F.2d at 1301.

Where a party fails to appear and object to attorney's fees, "awarding investigator fees as part of an attorney's fees award is appropriate." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *16. Where investigator fees are awarded, they are done so at the same hourly rate for paralegals. *Id*. at *15 (citing *Trotter v. Columbia Sussex Corp.*, 08-0412-WS-M, 2010 U.S. Dist. LEXIS 7625, 2010 WL 383622, at *11 (S.D. Ala. Jan. 29, 2010)).

Accordingly, AGI requests the Court award attorney's fees in the amount of $6,660.00. The amount and reasonableness of the fees are established by the Declaration of Joel Rothman.

### G. **PLAINTIFF AGI IS ENTITLED TO COSTS**

A court may also grant "recovery of full costs" to the prevailing party. 17 U.S.C. § 505. The "prevailing party in a copyright-infringement case may recover costs listed in 28 U.S.C. § 1920." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *17. This includes the cost of filing the initial action with the clerk, and the cost of serving of process. 28 U.S.C. § 1920(1); *see also Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *17 (granting clerk fees of $400.00, $350.00 for the filling fee and $50.00 for an administrative fee). For the service fee, the prevailing party may recover no

more than the statutory maximum for service by the United States Marshalls Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000); 28 C.F.R. § 0.114(a)(3). The current maximum is $65.00 per hour. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000); 28 C.F.R. § 0.114(a)(3).

Accordingly, AGI requests the Court award costs in the amount of $504.23. The amount and reasonableness of the costs are established by the Declaration of Joel Rothman.

### H. PLAINTIFF AGI IS ENTITLED TO INJUNCTIVE RELIEF

A court may grant a permanent injunction to prevent future copyright infringement. 17 U.S.C. § 502(a). To obtain an injunction, the plaintiff must satisfy the standard four-factor test required to obtain injunctive relief. *Microsoft Corp. v. Tech. Enter., LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011). First, the plaintiff must show that "he suffered irreparable injury." *Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *11. Next, the plaintiff must show that "legal remedies are inadequate to compensate for his injury." *Id*. Third, the plaintiff must show that "the balance of hardships between the plaintiff and the defendant weighs in the plaintiff's favor." *Id*. And fourth, the plaintiff must show that "a permanent injunction serves the public interest." *Id*.

Regarding the first and second factors, "once the moving party has demonstrated a likelihood of success on the merits of a copyright infringement claim, irreparable harm is presumed." *Stoneworks, Inc. v. Empire Marble & Granite, Inc.,* No. 98-2017-CIV-HIGHSMITH, 1998 U.S. Dist. LEXIS 21762, at *15-16 (S.D. Fla. Nov. 19, 1998); *see also Reiffer*, 2019 U.S. Dist. LEXIS 62401, at *10-11 ("[i]n copyright cases, entry of default judgment on liability establishes likelihood of success of the merits and irreparable harm to the plaintiff") (quotation and citations omitted).

The four-part test "is regularly satisfied at the default-judgment stage in copyright-infringement cases." *Id.* at *11 (citing *Arista Records*, 298 F. Supp. 2d at 1315) (granting permanent injunction with default judgment in copyright-infringement case).

Here, the Defendant caused irreparable harm to AGI by willfully copying its Work. Legal remedies are inadequate here because the Defendant may willfully infringe on AGI's works in the future.

The balance of hardships weighs in favor of AGI as the "defendant is engaged in infringement, [and] the only hardship [it] will suffer as a result of an injunction is court-ordered compliance with the copyright laws." *EyePartner, Inc. v. Kor Media Grp. Ltd. Liab. Co.,* No. 4:13-10072-CIV, 2013 U.S. Dist. LEXIS 98370, at *16 (S.D. Fla. July 15, 2013).

Regarding the fourth factor, an injunction would serve the public interest because "the public has an interest in enforcing copyright protections". *Arista Records, Inc*, 298 F. Supp. 2d at 1314 (quotation and citation omitted).

As such, AGI is entitled to a permanent injunction, and accordingly requests the Court enter such an injunction.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff AGI respectfully requests this Court to enter final judgment of default against Revamped and award AGI

a. $30,000.00 in statutory damages caused by Defendant's willful copyright infringement and unfair competition;

b. full costs and attorney's fees in the amount of $7,164.23;

c. pre and post judgment interest in accordance with the law;

d. permanent injunctive relief; and

e.  any other relief that this court deems just and proper.

DATED: July 15, 2020

>Respectfully submitted,
>
>/s/ Joel B. Rothman
>JOEL B. ROTHMAN
>Florida Bar No. 98220
>joel.rothman@sriplaw.com
>CRAIG A. WIRTH
>Florida Bar Number: 125322
>craig.wirth@sriplaw.com
>
>**SRIPLAW**
>21301 Powerline Road
>Suite 100
>Boca Raton, FL 33433
>561.404.4350 – Telephone
>561.404.4353 – Facsimile
>
>*Attorneys for Plaintiff Alarm Grid, Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on July 15, 2020, a true and correct copy of the foregoing document will be served by both FEDEX physical mail and by electronic mail to all parties listed below on the Service List.

>/s/ Joel B. Rothman
>JOEL B. ROTHMAN

## SERVICE LIST

Mr. Austin Karnes
info@revampedsecurity.com
6912 Glendale Drive
North Richland Hills, Texas 76182